AUGUST RASCH ET AL. v. EDWARD W. BISSELL.

*Statute of frauds—Bargain to make a costly coat*

1. The Statute of Frauds declares that a contract for the sale of goods for more than fifty dollars shall not be valid unless the purchaser shall accept and receive part of the goods, or shall give something to bind the bargain, or unless some memorandum of the bargain shall be signed by the party to be charged. How. St. § 6186. *Held* that this does not cover a tailor's contract to make a customer a sixty dollar overcoat that has actually been sent to the customer when finished and has been returned by him for alterations after which it has been held subject to his order.

2. A jury must find for the plaintiff if his claim is supported by undis-
   puted testimony which they believe.
3. A request to charge is properly refused if unsupported by testimony.

Error to Wayne. (Jennison, J.)  Jan. 16.—Jan. 22.

Assumpsit.  Defendant brings error.  Affirmed.

*Sands F. Moore* and *Henry M. Duffield* for appellant.

*J. W. Donovan* for appellee.

Sherwood, J.  The plaintiffs were merchant tailors and
did business in Detroit.  They were employed to make, and
did make, an overcoat for the defendant, the agreed price
for which was to be sixty dollars.  The coat was made like
the sample designated by the defendant at the time it was
ordered, and when completed, which was in good time, the
plaintiffs sent it to the defendant at his house.

In a day or two thereafter it was returned to the plain-
tiffs, to be made a little larger, which was done by plaintiffs,
and in a few days thereafter again sent to defendant at
his house.  Defendant returned it, saying it was not heavy
enough for him.  Plaintiffs then showed him the sample
overcoat, and that it was completed according to the contract.
The plaintiffs, however, told him they could make it heavier,
and did so, and again sent the coat home.  The next morn-
ing defendant sent it back with a message saying he did
not want it, and when plaintiffs saw him a few days there-
after, at his office, he informed them he "did not wish for
a coat, for he had bought a ready-made one."  He then re-
fused to take the coat and pay for it.  The evidence shows
it was well made, and a reasonably good fit.  The plaintiffs
brought suit in assumpsit, and declared on all the common
counts and specially upon the contract.  The case was tried
at the circuit on appeal before a jury, and the plaintiffs re-
covered a judgment of $60.  The defendant brings error.

Rasch was the only witness sworn, and all the testimony
given upon the trial was by the plaintiff.  Rasch testified to
the facts above stated, and at the close of the trial the court
charged the jury that, if they believed Mr. Rasch, the plain-
tiffs had made out a prima facie case, and their verdict

should be for the plaintiffs.   He also further charged the
following: " The defendant has not seen fit to come in
here and offer evidence, or try the overcoat on in your pres-
ence, or bring experts to show that it was not a good fit.
Now, that is his privilege.   If his attorney was satisfied, or
if he thought that the plaintiff did not make out a good
case, he was not obliged to call Mr. Bissell; but I charge
you that, if you believe Mr. Rasch, your verdict will be for
the plaintiffs, for Mr. Rasch, for $60, until the defendant
brings in evidence here to overcome that testimony."

These charges were excepted to. They are not erroneous.
They were fully warranted by the testimony in the case.
The evidence alluded to therein stands undisputed, and, if
believed by the jury, their duty was not too strongly indi-
cated by the court.   This disposes of defendant's first,
second, fourth, fifth, seventh, tenth and eleventh assign-
ments of error.

There was no testimony to support the defendant's third
request to charge, and no error was committed in its refusal.

That portion of the charge contained in defendant's
eighth assignment of error, wherein the court states what
was comprehended in the order for work at plaintiff's store,
was unobjectionable, but if erroneous it could not have
harmed the defendant.

The charge in the twelfth assignment, we think, was sup-
ported by the evidence in substance.

The remaining assignment assumes the claim made by
the plaintiffs is within the Statute of Frauds.   This is a
mistake.   That question is not involved in the case.   The
testimony clearly shows that the property contracted for was
delivered to the defendant in pursuance of the contract,
with which it complied.   Whatever changes were afterwards
made in the garment were so made at the request of the
defendant, and since that time plaintiffs have held it subject
to the disposition of the defendant.

We find no error in the record, and the judgment must
be affirmed with costs.

The other Justices concurred.